[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant RAC Construction Corporation has filed this motion to vacate the judgment entered in favor of the plaintiff F W Welding Service on April 15, 1998. The defendant's claim is that the plaintiff obtained this judgment through perjury and fraud and that the judgment should therefore be set aside and a new trial ordered. The court finds that no such perjury or fraud has been shown.
The underlying claim of the plaintiff arose when it leased a piece of excavating equipment to the defendant which was returned in damaged condition. The plaintiff made demand for the cost of repair. When the defendant did not pay the plaintiff a satisfactory amount, the plaintiff filed suit.
The defendant denied liability and filed a special defense, alleging that as part of the lease arrangement, the defendant had paid an extra amount for certain insurance on the equipment in case of damage. The defendant alleged that the plaintiff had CT Page 3328 failed to turn over the insurance policy to the defendant so that a claim under the policy could be made. The defendant alleged that this failure barred the plaintiff from pursuing the lawsuit against the defendant.
The case was tried over one-half day before an attorney fact finder pursuant to Conn. Gen. Stat. § 52-549. Relying largely on the language of the rental agreement, which specifies that the "LESSOR'S . . . agrees to pay for all damage to the equipment resulting from causes . . . other than normal wear and tear upon receipt of invoice . . . for LESSOR'S costs and expenses of repair," the fact finder recommended judgment for plaintiff. The court accepted the recommendation and entered judgment.
The defendant appealed. As a result of discussions mandated as part of the Appellate Court's pre-argument settlement program, the plaintiff produced for the defendant's review an insurance policy issued to the plaintiff by American Hardware Mutual Insurance Company (AHMIC). The defendant claims that it is the benefits of this policy for which the defendant paid. The failure of the plaintiff to admit to the existence of the AHMIC policy and to produce this policy at trial is the fraud and perjury of which the defendant now complains.
The court finds that the failure of the plaintiff to acknowledge the existence of this policy and to concede that the policy provides certain coverage for damaged equipment is the result of a misunderstanding of the terms used in the unfolding controversy between the parties.
At trial, the fact finder considered and rejected the special defense of the defendant. While the defendant's special defense alleged that the defendant paid for insurance, the fact finder found that the defendant had paid a premium not for insurance but for a damage waiver, the terms of which are contained neither in the rental agreement nor in any other document.
The waiver is referred to on some earlier invoices as "damage waiver rental insurance" and on the invoice for the month immediately preceding the return of the damaged equipment as "waiver fire theft vandalism." The plaintiff presented evidence before the fact finder that the latter description of the damage waiver was what had been communicated to the defendant and had always been understood between the parties. CT Page 3329
The defendant maintained that the defendant had purchased an insurance policy or at least had purchased third-party beneficiary status under the plaintiff's own insurance policy. At trial the defendant introduced a copy of the declaration page of the AHMIC policy that the plaintiff had sent to the defendant. The defendant claimed that, under the terms of the lease arrangement, the plaintiff was obligated to make a claim under the AHMIC policy before pursuing the defendant because the defendant had paid for that benefit. The defendant also pointed out to the fact finder at trial that the undisputed existence of the AHMIC policy was at odds with the plaintiff's earlier sworn response to a written interrogatory that there were no insurance policies on the damaged equipment.
By the time end of the trial before the fact finder, the evidence showed that the plaintiff had some kind of insurance through AHMIC that related to the damaged equipment although the actual policy had not been produced.
The fact finder found no evidence of any policy of insurance which would relieve the defendant of liability. That the plaintiff owned a policy of insurance that would reimburse the plaintiff for all or part of the cost of repairing the damaged equipment is entirely irrelevant to the lawsuit. The question is whether the plaintiff sold any such policy to the defendant, or sold to the defendant the right to make a claim under the policy.
The defendant's claim before the fact finder and now before this court seems to be that the plaintiff sold to defendant the right to make a claim under the AHMIC policy. The defendant had sought production from the plaintiff of any insurance policy on the equipment under which the defendant might be entitled to make a claim. The plaintiff denied at trial and denies now the existence of any such insurance policy. The defendant, having now obtained the entire text of the AHMIC policy instead of just the declaration page, claims that the previous failure of the plaintiff to produce the policy amounts to fraud; and that the introduction through the plaintiff's principal of testimony about the lack of insurance coverage amounts to perjury.
The problem is that the plaintiff and the defendant have all along been talking about two different things. The defendant believes that it paid premiums to buy an insurance policy. The plaintiff believes that what it was charging the defendant for CT Page 3330 was a damage waiver. Therefore when the defendant asked the plaintiff to produce the insurance policy that the defendant alleged had been purchased, the plaintiff replied that had no such insurance policy under which the defendant was entitled to make a claim. When the defendant obtained a copy of the plaintiff's own policy on the equipment, the defendant cried foul.
The parties, at the invitation of the court, have jointly submitted for the court's inspection the rental agreement that was an exhibit at trial and the entire transcript of the proceeding before the fact finder. They have also submitted the plaintiff's insurance policy. Further, the court has examined the other exhibits introduced at the trial and has reviewed the briefs submitted by the parties concerning this post-judgment motion.[1]
The court finds that there was no fraud or other misconduct by the plaintiff. The American Hardware Mutual Insurance Company policy is immaterial to the issues raised at trial. The fact finder correctly understood that no terms of any insurance policy owned by the plaintiff affected the defendant's responsibility to pay for damage caused by the defendant. The only issue was whether the plaintiff had waived the right it otherwise had under the contract to collect for such damage from the defendant. The fact finder found that the plaintiff had not waived such a right in this case.
The court finds no fraud or perjury. The fact finder's determination on these issues was entirely sound. The court denies the defendant's motion to vacate the judgment.
Patty Jenkins Pittman, Judge